UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO F. CARSON,

    Plaintiff,

v.                                               Case No. 2:07-cv-45
                                              HON. ROBERT HOLMES BELL

GERALD RILEY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Antonio F. Carson filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against defendants Gerald Riley, Dave Bergh, James Armstrong and Nate Hoffman. At the time of the filing of plaintiff's complaint, plaintiff was housed at the Alger Maximum Correctional Facility (LMF). Plaintiff is currently housed at the Baraga Maximum Correctional Facility (AMF). Plaintiff alleges that he sent a letter on June 30, 2005, to prison Chaplain Gerald Riley requesting a Buddhist diet. Plaintiff made a similar request by letter on July 7, 2005, to Warden Dave Bergh. Defendant Riley visited plaintiff's cell on July 8, 2005, and allegedly stated, "I see your [sic] trying to get a transfer." Riley explained that LMF did not provide Buddhist meals and that plaintiff would have to be transferred to AMF where the strict vegetarian diet is available.

Plaintiff felt it was unfair to be interviewed before he received approval for his request for a Buddhist meal so he filed a grievance against defendant Riley. The grievance was rejected. Defendant Nate Hoffman reviewed the grievance. Defendant Dave Bergh denied the grievance at Step II and defendant James Armstrong denied the grievance at Step III.

Plaintiff alleges that on July 27, 2005, defendant Riley denied him a Buddhist diet. Plaintiff filed another grievance asserting that defendant Riley retaliated against him. Those grievances were denied. Plaintiff wrote a letter to Dave Burnett, the Special Activities Coordinator in Lansing, asking for assistance in getting a Buddhist diet. The letter was never answered. When plaintiff asked defendant Riley why he was denied a Buddhist diet, defendant Riley allegedly responded that plaintiff was only trying to get a transfer to a different prison and that plaintiff had not been at LMF long enough to receive a Buddhist diet. Defendant Riley allegedly made a statement that as long as plaintiff continued to write grievances, he would never be approved for a Buddhist diet.

Plaintiff alleges that defendant Riley denied plaintiff's request to send him some Buddhist literature that plaintiff needed for religious study. Plaintiff filed a grievance on September 10, 2005, which was rejected. On November 8, 2005, defendant Riley informed plaintiff that a Buddhist Temple had sent some books with a note asking that the books be provided to plaintiff. Plaintiff alleges that he was denied the books and never received a rejection slip. Defendant Riley explains that after contacting the sender and informing them that the books could not be delivered to plaintiff because they were unauthorized, it was agreed that the books would be placed in the prison library and made available for plaintiff and other prisoners to use. Plaintiff describes this as a theft of his books. It is undisputed, however, that the books were not directly sent to plaintiff, but were addressed to defendant Riley with a note in the box asking that they be provided to plaintiff. Plaintiff has asserted that defendants have denied him the right to practice his religious beliefs.

Defendants have moved for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that

he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that since they did not make the decision to deny plaintiff his request for a Buddhist meal, they are entitled to summary judgment. Defendants state that Special Activities Coordinator Dave Burnett made the decision to deny plaintiff's request for a Buddhist meal. Defendant Riley states that he was simply the messenger and the other defendants argue that they were simply involved in responding to plaintiff's grievances. Defendants argue that they each had insufficient personal involvement to establish constitutional liability.

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932

F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Defendants Hoffman and Armstrong were merely involved in responding to grievances that plaintiff filed against defendant Riley. These defendants were not involved in alleged deprivation of rights. Similarly, defendant Bergh cannot be liable for actions taken in response to grievances. Defendant Riley asserts that he was simply a messenger. Plaintiff has shown that defendant Riley was more involved than simply relaying the message that plaintiff's request for a Buddhist diet was denied. Plaintiff has attached to his response brief a Michigan Department of Corrections Memorandum dated July 12, 2005, authored by defendant Riley and addressed to defendant Bergh. The memorandum states:

> According to Policy Directive 05.03.150 TT. I have interviewed the following prisoner who is requesting to receive the Buddhist diet. The P.D. states, "A prisoner may eat from a religious menu only with approval of the CFA Special Activities Coordinator. Approval shall be granted only if it necessary to the practice of the prisoner's designated religion. To request approval the prisoner must submit a written request to the Warden, TRV Manager, or designee who shall obtain information regarding the prisoner's request and religious beliefs prior to referring the request to the CFA Special Activities Coordinator."
>
> Prisoner Carson #193689 has requested the Buddhist diet.
>
> I interviewed him and asked him to explain the major teachings of his religion. He said, and I quote "Meditation and wisdom."
>
> I asked him why a special diet is required by this religion. He said "Because our beliefs, shall be no killing, no meats or animal bi-products."

- 5 -

> I asked how does it differ from food here. He said "The food is served with animals bi-products."
>
> The last question I asked him was what types of foods are allowed. He [sic] response was, "Fruits, vegetables and any types of whole wheat."
>
> I then read back to the prisoner his responses to verify accuracy.
>
> I recommend denial of the prisoner's request. He has communicated extremely minimal knowledge about Buddhism and its dietary requirements. If a prisoner was sincere about his faith he would have some knowledge of what he is sincere about. This prisoner did not communicate any such thing.

This memorandum clearly shows that defendant Riley did more than simply relay the message that plaintiff's request for a Buddhist diet was denied. Defendant Riley interviewed plaintiff and recommended that plaintiff's request should be denied. Plaintiff has asserted that defendant Riley misrepresented the statements made by plaintiff in the interview. Further, plaintiff has asserted that defendant Riley informed him that he was knowledgeable about Buddhism and that he correctly answered the questions presented in the interview, but that plaintiff would never receive a Buddhist diet when plaintiff continued to file grievances against defendant Riley. Defendant Riley has not directly addressed plaintiff's complaint. In the opinion of the undersigned, based upon defendant Riley's own arguments and his failure to address plaintiff's complaint, there exists a genuine issue of fact whether defendant Riley violated plaintiff's religious rights and retaliated against plaintiff. Defendant Riley has merely asserted that he would have taken the same action regardless of whether plaintiff filed grievances. That is an argument for trial. The court has no way to verify that statement on this record. Contrary to defendant Riley's assertion that he was simply relaying the message that plaintiff's request was denied, defendant Riley was directly involved in the procedure

to determine whether plaintiff should receive a Buddhist diet. Defendant Riley interviewed plaintiff and recommended that plaintiff's request should be denied.

Similarly, defendant Bergh was involved in the denial of the Buddhist diet. Defendant Bergh also recommended that plaintiff's request for a Buddhist diet should be denied. Defendant Bergh stated in a memorandum directed to defendant Burnett:

> Based on the attached information supplied by Chaplain Riley, I am recommending denial of the Buddhist diet meal request from the following prisoner: Carson, #193689.

Clearly, defendant Bergh had some personal involvement in the denial of plaintiff's request for a Buddhist diet. In the opinion of the undersigned, defendant Riley and defendant Bergh cannot be dismissed for lack of personal involvement in the alleged denial of plaintiff's right to practice his religious beliefs.

Plaintiff's complaint about theft of Buddhist literature, however, must fail. Defendant Riley did not prevent plaintiff from obtaining Buddhist literature. Defendant Riley received a package containing the literature from an unauthorized vender. Instead of rejecting the materials, defendant Riley contacted the vendor and agreed to make the literature available to all prisoners, including plaintiff, in the prison library. Accordingly, plaintiff's claim regarding religious literature should be dismissed.

Defendants argue that they are entitled to qualified immunity from liability. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness"

test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.* In the opinion of the undersigned, defendant Riley and defendant Bergh have failed to show that they are entitled to qualified immunity based upon the record before the court. Both defendant Riley and defendant Bergh had some involvement in the denial of a Buddhist diet to plaintiff. The record does not establish that defendant Riley and defendant Bergh are entitled to summary judgment on this claim.

Accordingly, it is recommended that defendants' motion for summary judgment (Docket #59) be granted in part and denied in part. It is recommended that defendant Armstrong and defendant Hoffman be dismissed from this case. It is further recommended that the claims against defendant Bergh involving grievances filed by plaintiff and the claims against defendant Riley involving religious literature be dismissed. Finally, it is recommended that the motion for summary judgment be denied against defendant Riley and defendant Bergh regarding plaintiff's claims involving the denial of his request for a Buddhist diet.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
     TIMOTHY P. GREELEY
     UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2009