UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTONIO F. CARSON #193689,

       Plaintiff,

                                        File No. 2:07-CV-45

v.

                                        HON. ROBERT HOLMES BELL

GERALD RILEY, et al.,

       Defendants.
_____/

**ORDER AND JUDGMENT ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On April 27, 2009, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 67.) The R&R was duly served on the parties. Defendants Riley and Bergh filed objections to the R&R on April 30, 2009. (Dkt. No. 68.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendants Riley and Bergh object to the recommendation that they be denied qualified immunity. They contend that the Magistrate Judge erroneously placed the burden

of proving qualified immunity on them, when the burden of proof should be on Plaintiff to show that their conduct violated a clearly established right. *See Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002) (holding that the defendant bears the burden of pleading the affirmative defense of qualified immunity, but the plaintiff bears the burden of showing that the defendant's conduct violated a clearly established right). Defendants, citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001), contend that Plaintiff failed to make the required showing that it would be clear to a reasonable prison official that their conduct was unlawful in the situation they confronted. According to Defendants, there was no clearly established law requiring a prison to provide a Buddhist prisoner a vegan as opposed to a vegetarian diet. *See Spies v. Voinovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) (holding that prisoner had no First Amendment right to a vegan meal where he admitted that a vegan diet was not a requirement for Zen Buddhist practice).

Defendants misconstrue the basis for the Magistrate Judge's denial of qualified immunity. The Magistrate Judge did not deny qualified immunity on the basis of that it was clearly established that Plaintiff was entitled to a vegan diet. Instead, the Magistrate Judge based his denial of qualified immunity on the existence of material questions of fact for trial. The Court agrees with the Magistrate Judge's assessment.

Defendant Riley contends that the Magistrate Judge also erred in recommending that he be denied qualified immunity on the retaliation claim. A retaliation claim requires evidence that an "adverse action" was taken against the plaintiff. *Thaddeus-X v. Blatter*, 175

2

F.3d 378, 394 (6th Cir. 2008). Defendant Riley contends that the case law does not clearly establish that a prison official can be held liable on a First Amendment retaliation claim for merely maintaining the status quo by refusing to grant a prisoner's request for a particular diet, or for a transfer to another prison where such a diet was available.

An adverse action is one that would deter a person of ordinary firmness from continuing to engage in that conduct. *Id.* As the Sixth Circuit has indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Whether Defendant Riley's alleged retaliatory actions are sufficient to be actionable is a question of fact for trial.

Defendant Bergh also objects to the R&R's conclusion that there is an issue of fact regarding his personal involvement in the denial of Plaintiff's right to practice his religious beliefs. Defendant Bergh notes that his alleged involvement in the religious diet issue is limited to his one-sentence memorandum recommending denial of a vegan diet "based on the attached information supplied by Chaplain Riley." Defendant Bergh contends that there is no evidence that he was aware of any alleged misrepresentations in that memorandum, and that there is no case law to suggest that a prison official can be held liable for relying on false information. In sum, Defendant Bergh contends that because there is no evidence that he "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct" of Defendant Riley, *see Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989),

3

he is not subject to liability as a supervisory official.

Defendant Bergh's objection rests on the false assumption that he is being held liable as a supervisory official. Plaintiff's claim against Defendant Bergh is not based upon Defendant Bergh's supervisory liability, but upon Defendant Bergh's direct participation in the denial of Plaintiff's request for a vegan diet. Defendant Bergh has not argued, and this Court is not prepared to decide whether the information contained in Defendant Riley's memorandum was sufficient to support Defendant Bergh's recommendation that Plaintiff's request for a vegan diet be denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections to the April 27, 2009, R&R (Dkt. No. 68) are **DENIED**.

**IT IS FURTHER ORDERED** that the April 27, 2009, R&R (Dkt. No. 67) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 59) is **GRANTED IN PART and DENIED IN PART**: the motion is granted as to all claims against Defendant Armstrong and Defendant Hoffman, as to the grievance claim against Defendant Bergh, and as to the religious literature claim against Defendant Riley; the motion is denied as to the religious diet claim against Defendants Bergh and Riley and as to the retaliation claim against Defendant Riley.

**IT IS FURTHER ORDERED** that **PARTIAL SUMMARY JUDGMENT** is entered in favor of Defendants Armstrong and Hoffman on all claims, in favor of Defendant

4

Bergh on the grievance claim, and in favor of Defendant Riley on the religious literature claim.


Dated:  June 4, 2009                                /s/ Robert Holmes Bell
                                                                     ROBERT HOLMES BELL
                                                                     UNITED STATES DISTRICT JUDGE