UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO CARSON,

        Plaintiff,

File No. 2:07-CV-45

v.

HON. ROBERT HOLMES BELL

GERALD RILEY, et al.,

        Defendants.
                                 /

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on five pretrial motions filed by Plaintiff Antonio Carson.

Plaintiff's first motion is a motion for appointment of counsel. (Dkt. No. 69.) As the Magistrate Judge noted in his order denying Plaintiff's first motion for appointment of counsel, appointment of counsel is a privilege that is justified only in exceptional circumstances, after consideration of the complexity of the issues, the procedural posture of the case, and the plaintiff's ability to represent himself. (Dkt. No. 26) (citing *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993)).

Plaintiff contends that he needs counsel to assist him in obtaining documents because he has a limited education, he is confined in segregation, and Defendants are represented by a team of attorneys. Plaintiff's circumstances are not unlike those of most prisoner plaintiffs who appear before this Court. The trial in this case involves the single issue of whether

Plaintiff was denied a strict vegetarian diet in violation of his constitutional rights. The Court is satisfied that Plaintiff will be able to articulate the factual basis of his claim at the bench trial. The Court is also satisfied that with some preparation before trial he will be able to effectively examine and cross-examine witnesses. Accordingly, the Court will deny his motion for appointment of counsel.

Plaintiff's second motion requests that another prisoner, Juivonne Littlejohn, be allowed to assist him at trial. (Dkt. No. 94.) Plaintiff contends that Mr. Littlejohn has assisted Plaintiff with all of his court filings and that Plaintiff does not have the knowledge or skill to conduct a trial on his own. The Court does not doubt that Mr. Littlejohn has provided great assistance to Plaintiff. Nevertheless, the Court is satisfied that the issues for trial are not complicated, and that Plaintiff will be far better served if he represents himself at this bench trial and presents his case based on his own knowledge of the facts rather than depending on the legal assistance of another prisoner. Accordingly, Plaintiff's motion for prisoner assistance at trial will be denied.

Plaintiff's third and fourth motions seek to compel Defendants to produce exhibits. (Dkt. Nos. 97, 101). Plaintiff requests that THE Court order defense counsel to produce a copy of the final pretrial order list of exhibits to each Defendant and Plaintiff. Plaintiff does not explain the need for this action and the Court is aware of none. Plaintiff also seeks to make sure that each witness has a copy of all of Plaintiff's exhibits if they are to testify by way of video teleconferencing. The Court is not aware of what witnesses will be testifying

by video teleconferencing, nor is the Court aware of what exhibits any such witness will need for purposes of testifying. The issue of how to present exhibits to witnesses who testify via video teleconferencing can be determined at the time of trial. Plaintiff also seeks an order compelling Defendants to produce copies of four trial exhibits identified by Plaintiff. Defendants are not responsible for producing Plaintiff's trial exhibits. The Court previously clarified that Defendants are not required to obtain a copy of the ACA Standards Handbook to insert into the joint exhibit book. (Dkt. No. 101). Defense counsel has gathered Plaintiffs other exhibits for the joint exhibit book which will be available for Plaintiff's use at trial. The Court will not compel further production of Plaintiff's own exhibits. Accordingly, Plaintiff's motions to compel production of exhibits will be denied.

Plaintiff's fifth motion is a motion for exclusion of witnesses pursuant to Rule 615 of the Federal Rules of Evidence. (Dkt. No. 99.)   Exclusion of witnesses other than those identified under the rule is mandatory upon request of a party.   Accordingly,

**IT IS HEREBY ORDERED**  that Plaintiff's motion for appointment of counsel. (Dkt. No. 69) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to allow another prisoner to assist him at trial (Dkt. No. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel Defendants to produce exhibits (Dkt. Nos.  97, 101) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for exclusion of witnesses (Dkt. No. 99) is **GRANTED**.


Dated: <u>July 1, 2009</u>                                         <u>/s/ Robert Holmes Bell</u>
                                                                                ROBERT HOLMES BELL
                                                                                UNITED STATES DISTRICT JUDGE